```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


RICKY PETERSON,                  :
                                 :    Civil Action No. 07-6070(RBK)
            Petitioner,          :
                                 :
       v.                        :    OPINION
                                 :
THOMAS P. SULLIVAN, et al.,      :
                                 :
            Respondents.         :
```

**APPEARANCES:**

    RICKY PETERSON, Petitioner pro se
    #57164/539366A
    Bayside State Prison
    4293 Route 47, P.O. Box F-1
    Leesburg, New Jersey 08327

    CHRISTOPHER C. JOSEPHSON, ESQ.
    OFFICE OF THE N.J. ATTORNEY GENERAL
    R.J. Hughes Justice Complex
    25 Market Street, P.O. Box 112
    Trenton, New Jersey 08625-0112
    Counsel for Respondents

**KUGLER**, District Judge

    Petitioner Ricky Peterson, a convicted state prisoner currently confined at the Bayside State Prison in Leesburg, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the revocation of his parole. For the reasons stated herein, the Petition will be denied for lack of substantive merit.

I. BACKGROUND

A. Statement of Facts

The facts of this case were recounted below and this Court, affording the state court's factual determinations the appropriate deference, see 28 U.S.C. § 2254(e)(1), will simply reproduce the Appellate Division's factual recitation, as set forth in its May 24, 2007, unpublished Opinion on petitioner's appeal from the June 15, 2006 final decision of the New Jersey State Parole Board revoking his parole and establishing a new Future Eligibility Term ("FET") of 16 months:

> Appellant has a significant history of criminal and aberrant behavior. His most serious offense was in 1974, when he shot and killed a cab driver while attempting to rob him. Appellant pled guilty to murder, robbery and robbery while armed, and was sentenced to life imprisonment in 1976. He was initially released on parole in July 1994. That parole was revoked in September 1998 because of violations which are not at issue in the present appeal, and the Board imposed a fifteen month FET. In September 2003, appellant was again paroled. After appellant repeatedly failed to report, as required, to his parole officer in February and March 2005, a parole violation warrant was issued. Not long thereafter, in April 2005, appellant was arrested in New Brunswick for purchasing cocaine, which he stated he had bought for a prostitute. After his arrest on that charge, appellant misidentified himself as "Craig" Peterson, who is his brother. He was returned to the custody of the Department of Corrections in June 2005.
>
> Appellant's parole revocation hearing on the present charges was first conducted on June 30, 2005. That hearing resulted in a panel recommendation to revoke his parole. However, the Board vacated that initial disposition, after determining that appellant had not waived his right to a probable cause hearing in advance of the merits hearing. In the meantime, appellant was convicted in October 2005 of possession of a controlled dangerous substance arising out of his April 2005 arrest. He was sentenced by the criminal

> judge to a three-year custodial term, concurrent with the disposition of his parole violation.
>
> On March 20, 2006, a second parole revocation hearing was scheduled, at which time appellant did waive his right to a separate probable cause hearing. Appellant participated in the March 20, 2006 hearing via video conference. At that hearing, appellant was advised of his right to be represented by counsel, and he chose to proceed on a pro se basis.
>
> After considering the proofs, the hearing officer determined, by clear and convincing evidence, that appellant had violated his parole in multiple ways and "in a serious and persistent manner." Among other things, the hearing officer found that appellant had failed to obey the law by his illegal possession of cocaine and his consequent arrest and conviction for that possession, had failed to report to his parole officer on multiple occasions, had failed to undergo urine monitoring and drug and alcohol counseling, and had failed to participate in mental health counseling. The officer also noted that while appellant was on missing status, he was using heroin on a daily basis.
>
> The hearing officer accordingly recommended that appellant's parole be revoked, and that a sixteen-month FET be imposed. On March 29, 2006, a two-member panel of the Parole Board affirmed the hearing officer's findings and recommendation. Appellant filed an administrative appeal to the full Board, which affirmed the disposition on June 15, 2006.

(May 24, 2007 Appellate Division Opinion, Exhibit C to respondents' Declaration of Christopher C. Josephson ("Josephson's Decl."), at Bates Nos. DOC129-DOC131.[1]

---

[1] Respondents provided this Court with the relevant state court record, denoted as follows:

Exhibit A: Petitioner's brief in <u>Ricky Peterson v. Parole Board</u>, A-5867-05T1, dated December 5, 2006 (Bates # DOC1 to DOC23).
Exhibit B: New Jersey State Parole Board's brief and appendices, dated February 5, 2007 (Bates # DOC23-DOC127).
Exhibit C: Appellate Division Opinion, dated May 24, 2007

3

B.  <u>Procedural History</u>

On June 7, 2005, petitioner, Ricky Peterson ("Peterson"), was returned to the custody of the New Jersey Department of Corrections ("NJDOC") on parole violations and on charges of possession of a controlled dangerous substance ("CDS").  He was served with a Notice of Probable Cause Hearing on June 14, 2005, which advised Peterson of his rights and notified him that the hearing was scheduled for June 30, 2005.  (Josephson Decl. At Exhibit B, Bates ## DOC56, DOC68-DOC70).

The initial hearing was conducted on June 30, 2005, as a Final Parole Revocation hearing.  At the conclusion of the hearing, the hearing officer recommended that the two-member parole panel revoke Peterson's parole.  On September 21, 2005, a two-member Board panel adopted the hearing officer's recommendation and revoked Peterson's parole.  (<u>Id</u>. at Bates ## DOC70-DOC72; DOC75-DOC79).

---

        (Bates # DOC128-DOC134).
Exhibit D: Petitioner's Notice of Motion for Reconsideration of Appellate Division decision, dated May 31, 2007 (Bates # DOC135-DOC150).
Exhibit E: Appellate Division Order denying petitioner's Motion for Reconsideration, dated June 18, 2007 (Bates # DOC151).
Exhibit F: Petition for Certification, dated June 27, 2007 (Bates # DOC152-DOC165).
Exhibit G: New Jersey State Parole Board's Letter in Opposition to Petition for Certification, dated September 26, 2007 (Bates # DOC166-DOC169).
Exhibit H: Orders (1) granting motion to file the Petition for Certification as within time, and (2) denying the Petition for Certification, dated September 18, 2007 and November 16, 2007, respectively (Bates # DOC170-DOC171).

Peterson appealed the two-member panel's decision, alleging that he did not waive his right to a probable cause hearing, and therefore, his June 30, 2005 hearing should not have been considered a final revocation hearing. (Id. at Bates ## DOC82-DOC90). The New Jersey State Parole Board ("the Board") reviewed Peterson's appeal, and on February 1, 2006, vacated its September 21, 2005 decision to revoke parole, as well as granting Peterson a new revocation hearing. (Id. at Bates ## DOC80-DOC81).

On March 20, 2006, Peterson received a new parole revocation hearing, where he waived his probable cause hearing and agreed to proceed to a final revocation hearing. (Id. at Bates ## DOC96-DOC98). The hearing officer found that Peterson violated numerous parole conditions and recommended that his parole be revoked and a 16-month FET be imposed. (Id. at Bates # DOC98). A two-member Board panel concurred with the hearing officer's recommendation, and revoked Peterson's parole and imposed a 16-month FET on March 29, 2006. (Id.). Peterson administratively appealed the decision to the full Board on May 1, 2006. The Board affirmed the revocation of parole and the imposition of a 16-month FET on June 15, 2006. (Id. at Bates ## DOC99-DOC115).

Peterson then appealed the Board's decision to the New Jersey Superior Court, Appellate Division. (Josephson Decl. at Exhibit A, Bates ## DOC1-DOC22). On July 26, 2006, the Appellate Division affirmed the Board's decision. (Josephson Decl. at Exhibit C, Bates ## DOC128-DOC134). Peterson filed a motion for

reconsideration on June 5, 2007, which the Appellate Division denied on June 13, 2007. (Josephson Decl. at Exhibits D and E, respectively).

On June 30, 2007, Peterson filed a petition for certification with the Supreme Court of New Jersey. The Supreme Court of New Jersey denied certification on November 16, 2007. (Josephson Decl. at Exhibits F and H, respectively).

Peterson then filed this federal habeas petition under 28 U.S.C. § 2254 on December 17, 2007. He submitted a legal memorandum in support of his petition on February 11, 2008. Respondents answered the petition, providing the relevant state court record, on June 17, 2008. Peterson did not file any objections or traverse.

## II. STATEMENT OF CLAIMS

Peterson raises the following claims for habeas relief in his petition:

Ground One: Petitioner was denied due process of law in violation of the Fourteenth Amendment because his parole revocation hearing did not comport with the procedures for the revocation of parole as set forth in N.J.S.A. 30:4-123.63 and N.J.A.C. 10A:71 et seq.

Ground Two: Petitioner was denied due process of law in violation of the Fourteenth Amendment because he did not receive a timely parole revocation hearing.

6

The State contends that the petition should be denied for lack of substantive merit.

### III. STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Because petitioner is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

Under § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts in habeas matters must give considerable deference to determinations of the state trial and appellate courts. See 28 U.S.C. § 2254(e); Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 122 S.Ct. 269 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)(*citing* Parke v. Raley, 506 U.S. 20, 36 (1992)). Section 2254(d) sets the standard for granting or denying a habeas writ:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1)  resulted in a decision that was contrary to, or

7

>      involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the Supreme Court explained that subsection (d)(1) involves two clauses or conditions, one of which must be satisfied before a writ may issue. The first clause, or condition, is referred to as the "contrary to" clause. The second condition is the "unreasonable application" clause. <u>Williams</u>, 529 U.S. at 412-13. In the "contrary to" clause, "a federal court may grant the writ if the state arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Id</u>. Under the "unreasonable application" clause, a federal court may grant the writ if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [the petitioner's] case." <u>Id</u>. at 413. Habeas relief may not be granted under the "unreasonable application" condition unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief. <u>Id</u>. at 411. <u>See</u> <u>also</u>

8

Werts, 228 F.3d at 197; Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir. 1999), cert. denied sub nom Matteo v. Brennan, 528 U.S. 824 (1999).

Consonant with Williams, the Third Circuit has held that § 2254(d)(1) requires a federal habeas court to make a two step inquiry of the petitioner's claims.  First, the court must examine the claims under the "contrary to" provision, identify the applicable Supreme Court precedent and determine whether it resolves petitioner's claims.  See Werts, 228 F.3d at 196-97; Matteo, 171 F.3d at 888-891.  If the federal court determines that the state court's decision was not "contrary to" applicable Supreme Court precedent, then the court takes the second step of the analysis under § 2254(d)(1), which is whether the state court unreasonably applied the Supreme Court precedent in reaching its decision.  Werts, 228 F.3d at 197.

This second step requires more than a disagreement with the state court's ruling because the Supreme Court would have reached a different result.  Id.  AEDPA prohibits such *de novo* review.  Rather, the federal habeas court must determine whether the state court's application of the Supreme Court precedent was objectively unreasonable.  Id.  In short, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court

9

precedent. Id.; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference. Chadwick v. Janecka, 312 F.3d 597, 605-06 (3d Cir. 2002), cert. denied, 538 U.S. 1000 (2003)(citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)). With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment. See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL 1523144, *6 n.4 (D.N.J. 2000). See also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).

Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court." Id.; see also 28 U.S.C. § 2254(e)(1). The Third Circuit has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and convincing evidence. See Duncan, 256 F.3d at 196 (*citing* 28 U.S.C. § 2254(e)(1)). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

IV.   ANALYSIS

A.   Due Process Requirements for Revocation of Parole

The due process requirements for a final parole revocation hearing were established in Morrissey v. Brewer, 408 U.S. 471, 487-89 (1972). The Supreme Court held that paroled prisoner was entitled to the following:

a. A written notice of the claimed parole violations;

b. Disclosure of the evidence against him;

c. The opportunity to be heard in person and to present witnesses and documentary evidence;

d. The right to confront and cross-examine adverse witnesses (unless the hearing officer expressly determines that good cause exists for not allowing such confrontation);

e. A "neutral and detached" hearing body, such as a traditional parole board, members of which need not be judicial officers or lawyers; and

f. A written statement by the factfinders setting forth the reasons for revoking parole and the evidence relied upon to reach that determination.

Id. at 489.

For purposes of New Jersey state procedure, revocation of parole is generally governed by N.J.A.C. 10A:71-7.1, et seq. Under N.J.A.C. 10A:71-7.5(a), a parolee is entitled to a preliminary hearing to be held within 14 days of the parolee's return to custody on a mandatory parole supervision violation. A final revocation hearing should be scheduled within 60 days after the parolee is taken into custody. N.J.A.C. 10A:71-7. A

parolee also may request a probable cause hearing before his final revocation hearing.  The Notice of Probable Cause Hearing shall set forth the parolee's rights during the hearing, including his right to representation by counsel; his right to be heard in person, to remain silent, to call witnesses and present documentary evidence; his right to confront and cross-examine adverse witnesses (unless the hearing officer finds that said witnesses would be subject to harm or risk); his right to waive the hearing or request a postponement of the hearing.  See N.J.A.C. 10A:71-7.7(c).  Finally, the final revocation hearing must be held before a hearing officer who is a designated representative of the Parole Board and a member of its central office staff.  N.J.A.C. 10A:71-7.12(e).

B.   Petitioner Was Not Denied Due Process of Law

Peterson argues that he was denied due process of law in violation of the Fourteenth Amendment because his final revocation hearing was untimely held nine months after he was imprisoned, which prevented key witnesses to testify on his behalf.  Namely, Peterson alleges that his wife had died from throat cancer before his final revocation hearing, and other witnesses, such as Joseph Davis, Maria Davis, Christopher Davis, Connie Davis, John Davis, Nafisa Davis, Christina Davis, Michael Davis, Senior Parole Officer Snyder, Parole Officer Williams, and others were unavailable at that time.  Peterson does not indicate how these witnesses, other than his deceased wife, were

12

unavailable; however, the petition indicates that these individuals resided in distant locations such as California, Arizona, and Texas.

Nevertheless, this Court finds that the state record provided confirms that Peterson received all of the process due him.  Principally, this Court relies upon the factual findings of the Superior Court of New Jersey, Appellate Division, which held as follows:

> The record reflects that appellant was served with a probable cause notice concerning his alleged violations at least seven months before his final hearing, and he was informed on at least three occasions that his hearing was being scheduled.  The delay in the completion of the final hearing in March 2006 was simply the result of the Board's initial procedural determination, rendered in appellant's favor, that he had not waived his right to a probable cause hearing before the initial merits hearing went forward in June 2005.  The passing of appellant's wife and the relocation of his counselor out-of-state while the hearing was being rescheduled are unfortunate, but those events do not represent a deprivation of due process on the Board's part. Moreover, appellant did not seek a continuance of the March 2006 hearing in order to attempt to secure the testimony of his drug counselor.  In sum, we are satisfied that the minimal constitutional requirements of due process were fulfilled in this case.  See Morrissey v. Brewer, 408 U.S. 471, 487-89, 92 S.Ct. 2593, 2603-2605, L. Ed.2d 484, 497-499 (1972).

(May 24, 2007 Appellate Division Opinion, Josephson Decl. at Exhibit C, Bates ## DOC133-DOC134).

Moreover, the Appellate Division found that the Board's revocation of Peterson's parole and the imposition of a 16-month FET was supported by substantial credible evidence in the record.  The state court expressly found:

13

> We are fully satisfied that the revocation of appellant's parole and the Board's imposition of a new sixteen month FET, following his arrest and conviction on the April 2005 cocaine offense and his other enumerated violations, was supported by substantial credible evidence in the record. The decision was also neither arbitrary nor capricious. Appellant clearly strayed in numerous ways from his responsibilities as a parolee to comply with the terms of his release and to lead a law-abiding life.  His possession of cocaine and his non-compliance with the terms of his supervision were essentially uncontested.  The sanctions imposed by the Board delaying appellant's release back into society were entirely justified.
>
> By way of mitigation, appellant argued [to] the hearing officer that he had been inattentive to his parole obligations and had lapsed into substance abuse for several reasons, including his wife's fatal bout with cancer and his drug counselor's relocation to Florida.  The hearing officer explicitly considered these factors in his written decision, but ultimately determined that appellant's non-compliance and his "serious criminal and substance abuse history" warranted the sanctions that were imposed.  We will not second-guess the Board's application of its considerable expertise in sustaining the hearing officer's determination. See e.g., In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993), aff'd, 135 N.J. 306 (1994).

(May 24, 2007 Appellate Division Opinion, Josephson Decl. at Exhibit C, Bates ## DOC132-DOC133).

Therefore, based on the state court record, this Court finds that the Appellate Division correctly held that Peterson was not deprived of his constitutional right to due process, and that, in fact, Peterson received all of the process due him under state law and federal law.  Specifically, Peterson's due process rights as set forth under Morrissey, were not violated.  He received written notice of his claimed parole violations, as well as disclosure of the evidence against him by virtue of the Notice of Probable Cause Hearing, dated June 14, 2005.  (Josephson Decl. At

Bates # DOC68).  Thus, the first two due process requirements under Morrissey were satisfied.

The remaining due process requirements also were met by the Board with respect to the final parole revocation hearing afforded Peterson.  Peterson had the opportunity to confront and cross-examine the one adverse witness against him at his hearing.  The hearing officer was a "neutral and detached" person within th parameters of Morrissey, and was a designated representative of the Parole Board and a member of its central office staff as required by N.J.A.C. 10A:71-7.12(e).  And although Peterson waived the full hearing summary, the hearing officer issued a written opinion setting forth the evidence relied upon and the reasons for revoking Peterson's parole as required under Morrissey.  (Josephson Decl. at Exhibit B, Bates # DOC96-DOC98).

Finally, as to petitioner's main point of contention, his inability to present witnesses at his final revocation hearing, this Court finds no due process violation by the hearing officer or the Board.  Peterson was not denied the opportunity to call witnesses or present evidence on his behalf at the hearing.  As observed by the Appellate Division, the passing of Peterson's wife before the final hearing was unfortunate, but that event does not manifest a deprivation of due process on the part of the Parole Board.  Nor does the relocation of Peterson's drug counselor represent a deprivation of due process.  Peterson could have asked for a continuance of his hearing to obtain the

15

testimony of his out-of-state counselor. (May 24, 2007 Appellate Division Opinion, Josephson Decl. at Bates ## DOC133-DOC134). Moreover, this Court agrees with the State in its response to this petition that unavailability of these witnesses did not serve to prejudice Peterson at his final revocation hearing. As noted by the Appellate Division, the basis for Peterson's revocation, namely, the possession of cocaine conviction and his numerous instances of non-compliance with his terms of supervision were essentially uncontested and the evidence against Peterson was overwhelming. Furthermore, the hearing officer considered these factors of mitigation in his written decision, but ultimately found that Peterson's "serious criminal and substance abuse history" warranted revocation of parole and the FET imposed. (May 24, 2007 Appellate Division Opinion, Josephson Decl. at Bates ## DOC132-DOC133). Thus, the unavailability of these witnesses did not deprive Peterson of a fair hearing or his right to due process.

In sum, this Court finds that the Parole Board's determination and the decision of the Appellate Division were not based on an unreasonable determination of the facts in light of the evidence presented at his final parole revocation hearing. Moreover, the decisions of the Board and the Appellate Division were not contrary to nor an unreasonable application of the applicable federal law. Accordingly, Peterson is not entitled to habeas relief, and his petition will be denied for lack of

substantive merit and because Peterson is unable to show any federal constitutional deprivation that would entitle him to federal habeas relief on the claims asserted.

### V.    CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons discussed above, this Court's review of the claims advanced by petitioner demonstrates that he has failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

### CONCLUSION

For the above reasons, this Court finds that the § 2254 habeas petition should be denied on the merits and a certificate of appealability will not issue.  An appropriate Order follows.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

DATED: January 6, 2009